# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NORMAN R. POSEY, III ) | CASE NO. 15-31176(1)(13) |
| ) | |
| Debtor ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Objection to the Claim of the Commonwealth of Kentucky, Division of Unemployment Insurance filed by Debtor Norman Posey, III ("Debtor"). The Court considered the Debtor's Objection, the Response to the Objection filed by Creditor Commonwealth of Kentucky, *ex rel* Division of Unemployment Insurance ("Commonwealth"), and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **OVERRULE** the Debtor's Objection to the claim of the Commonwealth and allow Claim No. 14 as filed. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND

On April 7, 2015, Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On August 31, 2015, the Commonwealth filed Proof of Claim No. 14 as a secured claim in the amount of $4,422.59 as an overpayment of unemployment insurance benefits.

On July 16, 2013, the Commonwealth filed a Notice of Recoupment Lien with the Jefferson County Clerk's Office pursuant to KRS 341.415.

On September 28, 2015, Debtor filed his Objection to the claim of the Commonwealth claiming Proof of Claim No. 14 should not have been filed as a secured claim, but rather should be paid as a general unsecured claim in the amount of $4,422.59.

## **LEGAL ANALYSIS**

The Debtor claims that the Commonwealth does not have a secured claim but that its claim for the overpayment of unemployment insurance benefits to the Debtor in the amount of $4,422.59 should be paid as a general unsecured claim. The Commonwealth's claim, however, is considered a secured claim as the Commonwealth has a statutory lien created pursuant to KRS 341.415. The statute provides in pertinent part:

> A lien on a parity with state, county and municipal ad valorem tax liens, is hereby created in favor of the office upon all property of any recipient of improperly paid benefits. This lien shall be for a sum equal to the amount of the overpayment finally determined and shall continue until the amount of the overpayment plus any subsequent assessment of additional improperly paid benefits, interest, and fees are fully paid. The lien shall commence from such time as the recipient has exhausted or abandoned the appeal procedure set forth in this chapter and the amount of the overpayment is finally fixed. A notice of lien may be filed in the same manner as that provided for in KRS 341.310.

KRS § 341.415(3).

The amount of overpayment was determined in April 2013, the Debtor was notified and did not appeal that determination. A notice of lien was filed in the office of the Jefferson County Clerk and recorded on July 16, 2013.

The definition of a secured claim is set forth in 11 U.S.C. § 506(a) which refers to an allowed claim of a creditor secured by a lien on property in which the estate has an interest. The fact that the lien is created by statute does not change the nature of the claim. In WEST'S FEDERAL FORMS, it is stated:

> A creditor has a secured claim if it holds a consensual, statutory or judicial lien on or has a right of setoff against property of the estate. However, the claim may be secured only to the extent of the value of the property held by the estate.
>
> 6A Hon. William Houston Brown Et Al, WEST'S FEDERAL FORMS, Bankruptcy Courts § 10:59 (4th ed. 2015).

A secured claim simply connotes an allowed claim that is backed up by a security interest in property. *Dewsnup v. Timm*, 502 U.S. 410, 424 (1992). (Scalia, J., dissenting). Here, the Commonwealth, by statute, has a lien on all property of the Debtor.

For these reasons, it is clear that the Commonwealth has a statutory lien arising from its overpayment of unemployment insurance benefits to the Debtor. The claim is properly classified as a secured claim. Therefore, the objection of the Debtor to the classification of the claim as a secured claim is **OVERRULED**.

## CONCLUSION

For all of the above reasons, the Objection to the Claim of the Commonwealth, Division of Unemployment Insurance filed by Debtor Norman Posey is **OVERRULED**.

                                   _____
                                   Joan A. Lloyd
                                   United States Bankruptcy Judge
                                   Dated: January 21, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NORMAN R. POSEY | ) | CASE NO. 15-31176(1)(13) |
| | ) | |
| Debtor | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to the Claim of Commonwealth of Kentucky, Division of Unemployment Insurance filed by Debtor Norman Posey, be and hereby is, **OVERRULED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 21, 2016